This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. A-1-CA-36074**

**MARTIN DURAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett, P.C.
Linda Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant Martin Duran appeals his convictions of possession of a stolen vehicle and evading a peace officer, initially asserting four issues on appeal. [DS 9-10]

This Court issued a calendar notice proposing to affirm the judgment below and Defendant has filed a memorandum in opposition to that disposition conceding, for purposes of appeal, that this Court's analysis is correct with regard to three of those issues. [MIO 1] The remaining issue asserts evidentiary error with regard to the admission of a photograph. [MIO 1-2] Having duly considered Defendant's argument with regard to the admission of that photograph, we remain unpersuaded and affirm.

{2}     The photograph at issue depicted Defendant wearing handcuffs shortly after his arrest. [MIO 1] Defendant objected at trial that the prejudicial effect of such a photograph substantially outweighed its probative value. [MIO 2] *See* Rule 11-403 NMRA. The district court, however, ruled that the photograph was relevant and admissible, and received it in evidence. [MIO 2] Presumably, the photograph was relevant to establishing Defendant's identity as the person who had led police on a chase in a stolen SUV. [Id.; DS 7 (describing "a light skinned Hispanic male" wearing "dark clothing and a blue hat")]

{3}     In his memorandum in opposition to summary affirmance, Defendant relies upon out-of-state authority for the proposition that forcing a defendant to appear before the jury in shackles or prison clothing can amount to a due process violation. [MIO 2-4] Defendant argues from that authority that the photograph of him wearing handcuffs served to undermine the presumption of innocence to which all criminal

defendants are entitled. [MIO 2-3] Defendant's out-of-state cases, however, are inapplicable to the issue at hand, in that those cases deal with the qualified right to be free of visible restraints during trial. [Id.] As such, those cases do not support the proposition that a single photograph of Defendant in handcuffs at the time of his arrest could so undermine the presumption of innocence as to raise serious concerns regarding due process.

{4}     Given the fact that Defendant's potential identity as the person who committed the underlying crimes in this case was a contested factual issue placed before the jury, a photograph depicting Defendant's appearance shortly after the relevant events could have strong probative value. Under these circumstances, we cannot say that the district court abused its discretion in allowing the admission of such a photograph.

{5}     Thus, for the foregoing reasons, as well as the reasons provided in our calendar notice, we affirm the judgment of the district court.

{6}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

3

_____

**STEPHEN G. FRENCH, Judge**